# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE BATISTE,<br><br>                Petitioner,<br><br>     v.<br><br>B.M. CASH, Warden,<br><br>                Respondent. | Case No. CV 12-2114-JHN (JEM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

      On March 13, 2012, Prince Batiste ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, in which he challenges the 2007 decision of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. (See Transcript of September 6, 2007, Parole Hearing ("Transcript"), attached to Petition.)

      Although the Petition purports to raise five grounds for federal habeas relief, they are fairly construed as a single claim challenging the merits of the Board's 2007 decision to deny him parole. (See Petition at 5-6, 11-13.)

## DISCUSSION

      This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4

1 | requires a district court to examine a habeas corpus petition, and if it plainly appears from
2 | the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,
3 | the judge shall make an order for summary dismissal of the petition. Id.; see also Local
4 | Rule 72-3.2.

5 | Summary dismissal is appropriate in this case because the Supreme Court's decision
6 | in Swarthout v. Cooke, __ U.S. __, 131 S. Ct. 859 (2011), precludes habeas relief for
7 | Petitioner's claim. In Swarthout, the Supreme Court recognized that Board decisions are
8 | reviewed by California state courts under a standard of "whether 'some evidence' supports
9 | the conclusion that the inmate is unsuitable for parole because he or she currently is
10 | dangerous." Swarthout, 131 S. Ct. at 860 (quoting In re Lawrence, 44 Cal.4th 1181, 1191
11 | (2008)) (additional citation omitted). The Court also acknowledged as reasonable the Ninth
12 | Circuit holding that California law governing parole creates a cognizable liberty interest for
13 | purposes of analyzing a federal due process claim. Id. at 861 (citing Cooke v. Solis, 606
14 | F.3d 1206, 1213 (9th Cir. 2010)). However, the Court emphasized that any such interest is
15 | "a *state* interest created by California law"; there is no corresponding substantive right under
16 | the United States Constitution to conditional release before expiration of a valid sentence.
17 | Id. at 862 (The Court also stated: "No opinion of ours supports converting California's 'some
18 | evidence' rule into a substantive federal requirement.").

19 | Therefore, regardless of the standard of judicial review applied by California state
20 | courts, the proper scope of federal habeas review in the context of a parole decision
21 | concerns only the constitutional question of whether fair and adequate procedures were
22 | employed for protection of the prisoner's state-created liberty interest. Swarthout, 131 S. Ct.
23 | at 862 ("When . . . a State creates a liberty interest, the Due Process Clause requires fair
24 | procedures for its vindication – and federal courts will review the application of those
25 | constitutionally required procedures."); see also id. at 863 ("Because the only federal right at
26 | issue is procedural, the relevant inquiry is what process [the petitioner] received, not
27 | whether the state court decided the case correctly.").
28

The Court reaffirmed that "[i]n the context of a decision regarding parole release, we have held that the procedures required [by the Constitution] are minimal." Id. at 862 (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (adequate process consisted of an opportunity to be heard and a statement of reasons for parole denial)). The Supreme Court determined in Greenholtz "that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 862 (citing Greenholtz, 442 U.S. at 16). "The Constitution does not require more." Greenholtz, 442 U.S. at 16. Any further inquiry into the actual merits of a parole decision, and specifically into the question of whether the "some evidence" standard regarding present dangerousness was satisfied, would involve a question of state law that is not cognizable on federal habeas review. Swarthout, 131 S. Ct. at 863 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 121 n. 21 (1982).

Following Swarthout, Petitioner may not obtain habeas relief on the grounds asserted in his Petition, which essentially challenge the quantum of evidence supporting the Board's 2007 decision denying him parole. The transcript of the 2007 Board hearing clearly shows that Petitioner testified at length, presented beneficial evidence, and received a written statement of reasons for the Board's decision. (See Transcript.) Because the procedures followed by the Board were constitutionally sufficient, there is no basis for federal habeas relief. Swarthout, 131 S. Ct. at 862; Greenholtz, 442 U.S. at 16. The Petition is therefore subject to summary dismissal.

///

///

///

///

**ORDER**

IT IS HEREBY ORDERED that the Petition be dismissed with prejudice.

IT IS SO ORDERED.

DATED: March 28, 2012

JACQUELINE H. NGUYEN
UNITED STATES DISTRICT JUDGE